UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FLSMIDTH A/S, a Danish corporation; ) | |
| FLSMIDTH INC., a Delaware ) | |
| corporation; and THOMAS ENERGY ) | |
| SYSTEMS, INC. d/b/a TESCORP, an ) | |
| Oklahoma corporation, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 08-CV-0215-CVE-PJC |
| ) | |
| JEFFCO, LLC, an Oklahoma limited ) | |
| liability company, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is the Motion By All Plaintiffs/Counter-Defendants To Dismiss Counterclaim Count IV (Dkt. # 61).[1] Plaintiffs ask the Court to dismiss defendant Jeffco, LLC's (Jeffco) abuse of process counterclaim for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### I.

On April 16, 2008, plaintiffs FLSmidth A/S, FLSmidth Inc., and Thomas Energy Systems, Inc. d/b/a TESCORP filed this lawsuit against Jeffco alleging claims of trademark and trade dress infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, a claim under the Oklahoma Deceptive Trade Practices Act, OKLA. STAT. tit. 78, § 51 et seq., and a claim for unfair competition under Oklahoma common law. Jeffco answered and filed counterclaims for breach of settlement agreement, tortious interference with business relations, commercial disparagement, corporate

---

[1] On October 27, 2008, the Court granted plaintiffs' request for an extension of time to answer defendant's amended counterclaims (Dkt. # 63), and this Opinion and Order concerns only plaintiffs' motion to dismiss.

defamation, abuse of process, and restraint of trade. Plaintiffs filed a motion requesting a more definite statement as to Jeffco's counterclaims for tortious interference with business relations and corporate defamation and sought dismissal of Jeffco's counterclaims for commercial disparagement, abuse of process, and restraint of trade. The Court granted plaintiffs' motion and permitted Jeffco to file amended counterclaims in compliance with the Court's opinion and order. Dkt. # 53, at 15.

On October 11, 2008, Jeffco filed its amended answer and counterclaims. Jeffco realleged its counterclaims for breach of settlement agreement (Count I), tortious interference with business relations and tortious interference with prospective business advantage (Count II), corporate defamation (Count III), and abuse of process (Count IV). The counterclaims are prefaced with 13 paragraphs of introductory facts, which include the following allegations relevant to Jeffco's abuse of process counterclaim:

> 150. On May 18 - 22, 2008, the cement industry held its 2008 IEEE-IAS/PCA Cement Industry Conference in Miami, Florida. . . . FLSmidth is an annual and major host of the show. As such FLSmidth was privy to organizational and exhibiter information far in advance of the May 18 opening day. Upon information and belief, FLSmidth had for months prior to the May 18, 2008 show been fully informed as to JEFFCO's registration to be an exhibiter at the show and was informed as to JEFFCO's exhibit space dimension and location in the exhibit hall. Plaintiffs' waited until April 16, 2008 to file the Complaint against JEFFCO so as to inflict the greatest pecuniary and business harm possible on JEFFCO.
>
> 151. During the May 18-22, 2008 IEEE trade show FLSmidth personnel made public statements evidencing FLSmidth's wrongful and abusive purpose for bringing this lawsuit against JEFFCO on April 16, 2008. . . .
>
> 154. . . . TESCOR representatives have contacted JEFFCO customers with the intent of interfering with existing customer relationships and utilizing the Plaintiffs' allegations in this lawsuit to harm JEFFCO's reputation in the cement industry and take its business. . . . On May 6, 2008, Plaintiffs filed a joint motion seeking "[i]ntermediate" discovery of the trade show materials JEFFCO planned to exhibit at the trade show. . . . Plaintiffs succeeded in its [sic] effort to view JEFFCO's exhibit material in advance of the show. As

>     a direct and proximate result of Plaintiffs' wrongful purposes and abusive of this litigation, Plaintiffs brought sufficient economic pressure and harm to bear on JEFFCO to elicit prominent changes to JEFFCO's exhibition booth and marketing materials that served to injure and diminish the marketing potential JEFFCO would have otherwise realized from its presence as an exhibitor at the show.
>
> 155.  The mere filing of the lawsuit by the world's dominant manufacturer of rotary vane compressors and compressor parts had a substantial chilling and intimidating effect upon Jeffco's ability to market its services and compressor products to new customers as well as upon Jeffco's ability to secure new business from custormers with which Jeffco had an existing business relationship. . . . Plaintiff's [sic] intentionally false allegations were used as support for repeated threats by Plaintiffs" [sic] that if JEFFCO did not materially alter its marketing materials in a manner intended to single out JEFFCO as the target on the eve of the IEEE trade show, would use this lawsuit and its allegations as the platform from which Plaintiffs would launch an attempt to obtain a temporary restraining order to prevent JEFFCO from displaying its marketing materials at the trade show and alterations imposed on JEFFCO reasons for filing this lawsuit are not represented in the factual allegations and claims for relief set forth in Plaintiffs' Complaint. . . .

Dkt. # 57, at 17-21. In support of Count IV, Jeffco also alleges that plaintiffs filed the lawsuit to "restrain and disparage" Jeffco rather than to obtain redress and renews its allegation that the improper purpose for the lawsuit is "apparent." Id. at 26. Jeffco states plaintiffs have "maliciously abused the legal process for a purpose not intended by the law" and it has suffered a substantial injury due to plaintiffs' misuse of the legal system. Id.

## II.

A motion to dismiss is properly granted when a complaint or counterclaim provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim or counterclaim upon which relief may be granted. A complaint or counterclaim must

3

contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965, 1974 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint or counterclaim as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim [or counterclaim] upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Plaintiffs argue that defendant has not corrected the pleading deficiencies previously noted by the Court, and defendant's amended abuse of process counterclaim should be dismissed for failure to state a claim. Dkt. # 26, at 4. Plaintiffs also argue that defendant's allegations of plaintiffs' improper intentions do not override plaintiffs' legitimate purpose for bringing this lawsuit and the Court should not accept defendant's conclusory allegations that plaintiffs filed this case with an ulterior or improper purpose. Id. at 4-6. Defendant responds that it amended its abuse of process counterclaim to comply with the Court's opinion and order, and its amended counterclaim states a claim of abuse of process under Oklahoma law.

The elements of an abuse of process claim are "(1) the improper use of the court's process (2) primarily for an ulterior or improper purpose (3) with resulting damage to the plaintiff asserting the misuse." Callaway v. Parkwood Village, L.L.C., 1 P.3d 1003, 1004 (Okla. 2000). The key issue in any abuse of process claim is whether a party has attempted to use the legal system "to obtain a result not lawfully warranted or properly attainable." Neil v. Pennsylvania Life Ins. Co., 474 P.2d 961, 965 (Okla. 1970). Even if the plaintiff in the predicate action was motivated by malicious intentions, there is not an abuse of process if the plaintiff uses the predicate action for an authorized purpose. Greenberg v. Wolfberg, 890 P.2d 895, 905 (Okla. 1994); Gore v. Taylor, 792 P.2d 432, 436 (Okla. Civ. App. 1990).

Accepting the well-pleaded allegations of the amended answer and counterclaims as true, the Court finds that defendant's amended abuse of process counterclaim should not be dismissed under Rule 12(b)(6). Defendant has alleged that plaintiffs filed this lawsuit for an improper purpose. The amended counterclaim alleges that plaintiffs filed this lawsuit to gain advance notice of defendant's trade show materials and intended to use the allegations of this lawsuit to harm defendant's reputation in the business community. Dkt. # 57, at 19-21. Although plaintiffs respond that they have a legitimate purpose for filing this lawsuit (Dkt. # 62, at 4-5), defendant has alleged specific facts to support its claim that plaintiffs filed this lawsuit for an improper purpose and the Court may not weigh the parties' competing allegations at the pleading stage. Defendant alleges that plaintiffs filed this lawsuit <u>primarily</u> to accomplish these improper purposes, rather than to obtain the relief requested in the complaint. Id. at 21 (alleging that plaintiffs intended to use of the allegations of the complaint to force Jeffco to alter its trade show materials and plaintiffs' true motivation for filing the lawsuit was not stated in the complaint). Plaintiffs contest defendant's

reliance on factual allegations concerning plaintiffs' conduct at a trade show, because conduct occurring outside of the litigation does not support defendant's allegation that plaintiffs filed this lawsuit for an improper purpose.  However, the plaintiffs have not cited any legal authority that defendant is prohibited from relying on conduct outside of the litigation to support an abuse of process claim.  In any event, the Court finds that the conduct alleged by defendant is reasonably related to plaintiff's alleged improper motivation for filing the lawsuit and the factual allegations should be considered when reviewing plaintiffs' motion to dismiss.  Finally, defendant alleges that it has suffered an injury that can be traced directly to the filing and misuse of this lawsuit.  Id. at 20 ("As a direct and proximate result of Plaintiffs' abusive use of this litigation, Plaintiffs brought sufficient economic pressure and harm to bear on JEFFCO to elicit prominent changes to JEFFCO's exhibition booth and marketing materials that served to injure and diminish the marketing potential JEFFCO would have otherwise realized from its presence as an exhibitor at the show.").  These allegations are sufficient to state each element of an abuse of process claim, and plaintiffs' motion to dismiss defendant's abuse of process counterclaim should be denied.

**IT IS THEREFORE ORDERED** that the Motion By All Plaintiffs/Counter-Defendants To Dismiss Counterclaim Count IV (Dkt. # 61) is **denied**.

**DATED** this 25th day of March, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT